(C.D. 2599)

NORMAN G. JENSEN, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 8, 1965)

*Joe A. Walters* and *Thomas A. Keller III* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Andrew P. Vance* and *Harvey A. Isaacs*, trial attorneys), for the defendant.

Before DONLON and RICHARDSON, Judges

RICHARDSON, Judge: The instant protest is against the collector's refusal to reliquidate and repost the liquidation of two consumption entries covering "Nickel Cobalt Briquettes," imported at Noyes, Minn., from Canada. The protest attacks the legality of the practice at the port of entry in posting bulletin notices of liquidation of customs entries, plaintiff contending the practice not to be in conformity with applicable law. There is no question here but that if the liquidation notices are determined to be in accordance with law, the instant protest is untimely, having been filed more than 60 days after liquidation.

The reasons assigned in the protest for the claim of illegality of the involved liquidations is that the liquidation notices were not posted in a conspicuous place and that the bulletin notices were not readily available for public examination, in accordance with the requirements of section 16.2(d) of the Customs Regulations. Upon the trial, plaintiff offered evidence in support of the protest allegations, showing the location of the posted bulletin notices of liquidation in a common hallway in a Federal building rather than within that portion of the building designated as the "customhouse," the partial obstruction of the bulletin board by a drinking water cooler and overshoes, difficulties encountered in handling the loose sheets of bulletin notices of liquidation for note taking purposes, and the absence of a notice in the customhouse directing all persons to the place where the bulletin notices of liquidation were posted.

In addition to the foregoing testimony adduced at the trial, Gordon W. Jensen, president of the plaintiff-broker corporation testified that the bulletin board was approximately 3 by 3½ feet exclusive of the frame (R. 15); that, in 1963 or 1964, he took the photograph of the bulletin board, which was received in evidence as plaintiff's exhibit 2; that he was cognizant of the manner of posting liquidations at Noyes prior to January 1959; that he had checked the bulletin board at Noyes himself for liquidations and that he had never, prior to that time, made a complaint to the collector about the method of posting; that he has found notices of liquidation attached to one or two Acco fasteners on the bulletin board, inasmuch as they are sometimes not all in one grouping; that plaintiff's exhibit 4 is a letter, dated April 10, 1959, which was sent to the collector requesting a reposting; that plaintiff's exhibit 5 is a letter, dated December 3, 1959, from the collector refusing to repost the liquidation notices; that the plaintiff

has had an office in Noyes since 1945 or 1946; that he has visited the Federal building in Noyes on the average of three to five times a year prior to 1959; that, in January and February 1959, he had two or three employees in his office at Noyes, of whom one Richard Anderson had the responsibility of checking bulletin notices of liquidations once a month or every 2 weeks; that the bulletin board depicted in defendant's exhibit B is the way it looked in 1959 (minus a door handle); that, in and around 1959, he opened the door of the bulletin board to examine bulletin notices of liquidation by inserting a fingernail file or a clipper between the crack and door frame and sliding it downward, being unable to use his finger to open it; and that he never found the door to be locked, nor has it ever been reported by one of plaintiff's employees to be locked.

Richard Anderson, a former employee of the plaintiff, testified that, in 1959, he was the manager of plaintiff's Noyes office; that he was the person then primarily responsible for examining the bulletin notices of liquidation in the Federal building at Noyes; that the scenes depicted in defendant's exhibit B represent the bulletin board as it existed in 1959; that the bulletin board, as depicted in plaintiff's exhibit 2 (with the door handle), is not as it appeared in January and February 1959; that, to open the door (in 1959), one would usually have to have a key or penknife or some sharp instrument to stick in and pry the door open; and that he recognized plaintiff's exhibit 6 as photocopies of the involved bulletin notices of liquidation, concerning the posting of which he testified, on direct examination, that the liquidation notices were fastened to the back of a bulletin board with an Acco fastener which could not be removed without the use of tools; that notices are published one on top of the other chronologically with the latest liquidations being on top.

Robert H. Russell, deputy collector at the port of Noyes, testified that he was supervisory inspector at that port between February 1958 and January 1963, and that, in such capacity, he was familiar with the posting practices carried on at the port. Concerning the manner of posting of bulletin notices of liquidation, he testified on direct examination as follows:

Q. Could you tell the Court how these bulletin notices were posted and where during the month January, 1959?—A. When these entries come back from the liquidator with the bulletin notices, they are first noticed on our customs schedules and then they are placed on the clip in the bulletin board.

Q. How many such fasteners were there on the board?—A. There are six.

Q. And, what are these six?—A. One of them is for dutiable entries, no change; one is free entry; one is dutiable entries decrease; one is entries for increase; one is for informal entries; one is temporary importation bond entries.

Q. They were placed on a bulletin board in front of which there was a cabinet door, is that correct?—A. That's right.

Q. And, was the glass that was in the cabinet door a clear glass or a glazed glass?—A. Clear.

Q. Was the cabinet door ever locked to your knowledge?—A. Not to my knowledge.

\* \* \* \* \* \* \*

The foregoing constitutes the evidence submitted on the issues before the court. It is the contention of the plaintiff that the evidence supports the conclusion that the collector failed to give notice of liquidation in compliance with law. Defendant contends that the evidence does not support such a conclusion.

The provisions of 19 U.S.C.A., section 1505 (section 505, Tariff Act of 1930), read in material part as follows:

> ... Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, . . . .

And section 16.2(d) of the Customs Regulations reads, in material part, as follows:

> (d) After liquidation by the collector, formal entries, except free consumption entries liquidated "As Entered" and permanent exhibition entries liquidated "Free" shall be scheduled promptly on a bulletin notice of liquidation, customs Form 4333. . . . The bulletin notice of liquidation *shall be* posted as soon as possible *in a conspicuous place* in the customhouse for the information of importers or lodged at some other suitable place in the customhouse in such a manner that it can *readily be* located and *consulted* by all interested persons, who shall be directed to that place *by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidations of entries are to be found.* The bulletin notice of liquidation shall be dated with the date of posting or, if not posted, with the date it is lodged in the above-described place for the information of importers. [Emphasis added.]

Much of defendant's cross-examination and argument, as set forth in its brief, pertains to the subject of actual notice of liquidation as precluding a challenge under the aforesaid statutory and regulatory authority to the legality of the posting practice employed by a collector to give notice of liquidation. There is no evidence that plaintiff's employees received actual notice of the posting of liquidation notices affecting the involved entries. At best, the record shows the existence of circumstances from which one might surmise that the employees should have received such notice. Furthermore, the provisions of the statute and the administrative regulation issued under it are mandatory, and compliance therewith a prerequisite to the consummation of a valid liquidation. *United States* v. *Astra Bentwood Furniture Co.*, 28 CCPA 205, 207, C.A.D. 147. Such statutory mandate would seem to preempt considerations of actual notice. *Mary G. Hutchinson* v. *United States*, 18 Cust. Ct. 64, C.D. 1046.

As we view the issue here it is whether the involved notices of liquidation were conspicuously posted, and whether they were posted in such a manner so that they could readily be consulted by all interested persons.

We are not persuaded that the posting of bulletin notices of liquidation one behind the other constitutes, in and of itself, an inconspicuous posting of those sheets obscured from immediate view by such a positioning of the sheets. Indeed, we can conceive of no other way for a 14-page listing, such as that here involved (to say nothing about other sheets which must be added to such a listing from time to time), to be posted except by means of placing one sheet behind the other. Neither do we regard the placement of bulletin notices of liquidation behind a glass encasement of a bulletin board such as was done in the instant case to be, in and of itself, a circumstance which renders such notices inaccessible for inspection.

There were some circumstances of restriction and restraint of opportunity for inspection of notices which made the methods of posting both inconspicuous and inaccessible. The appearance of the bulletin board, as depicted in defendant's exhibits A and B, gives evidence of being difficult to manipulate. And there is nothing in the record which contradicts the evidence that the occasion to manipulate or open the door of the bulletin board offered a challenge to the dexterity of the individual. Such is not the facile manner of accessibility to bulletin notices of liquidation which we think is required by the regulation. The arrangements at Noyes during the involved period were such that only the persistent and resourceful individuals would achieve the goal of examination of the posted notices, while the less ingenious, and possibly less equipped, persons would be deterred from examining the bulletin notices. And the fact that, subsequent to the period here involved, a handle was placed upon the bulletin board door to facilitate its opening, lends credence to the inadequacies of the prior practice. Moreover, we must consider one of the other practices which were brought out in the evidence—the practice at Noyes of drawing or diverting the attention of the public to the location of the "customhouse" on one side of the common hallway in the Federal building and through and beyond the portals off the hallways over which was placed the sign "U. S. Customs," while at the same time utilizing a bulletin board located in the hallway *outside* of the area deemed to be the "customhouse" for the posting of such important customs business as bulletin notices of liquidation. And this, without there having been posted *within* the "customhouse" a notice drawing the attention of the public to the fact that bulletin notices of liquidation were posted on the bulletin board in the hallway. Such a practice would unquestionably operate to produce confusion in the public mind as to what constituted

the area for the transaction of customs business, including such business as the examination of bulletin notices of liquidation.

Under all of the circumstances of this case, we are of the opinion that plaintiff has sustained its burden of establishing that the subject bulletin notices of liquidation were not posted conspicuously and not in a manner which made them readily available for examination, and we so hold. It, therefore, follows that the instant protest must be dismissed for prematurity. The collector should liquidate the involved entries in the manner required by law so that the plaintiff may protest such liquidation if it so be advised.

Judgment will be entered accordingly.